**Judy Emely EDWARDS, a/k/a Judy Emely Glass, Appellant,**

v.

**MERCHANTS NATIONAL BANK, Appellee.**

**In re Judy Emely EDWARDS, a/k/a Judy Emely Glass, Debtor.**

**MERCHANTS NATIONAL BANK, Plaintiff,**

v.

**Judy Emely EDWARDS (Glass).**

**No. IP 88–720–C.**
**Bankruptcy No. IP 88–0395V.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 20, 1988.

George E. Palmer, Annette F. Rush, UAW–GM Legal Services Plan, Indianapolis, Ind., for appellant.

Keith Peterson, Indianapolis, Ind., for appellee.

STECKLER, District Judge.

This matter is before the Court on plaintiff Judy Emely Edwards' appeal of the bankruptcy judge's entry of June 1, 1988.

At issue was the disposition of a 1981 Plymouth "K" car and a 1981 GMC truck ("the vehicles"). On January 2, 1988, Ms. Edwards (the debtor) filed for relief under Chapter 7 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 521(2) she filed a Statement of Intentions, declaring her intention to retain the vehicles and reaffirm the debt on them owing to Merchants National Bank ("Merchants") which held a security interest on them.

On April 5, 1988, the debtor filed an amended statement of intention indicating the intention to retain the vehicles but not to reaffirm the debts. Merchants filed an application to compel the debtor to fulfill her original statement of intention and execute reaffirmation agreements. A hearing was held May 16, 1988.

On June 1, 1988 the Bankruptcy Court denied the application to compel the debtor to perform her statement of intentions. The Bankruptcy Court ordered the debtor to perform within ten (10) days of the order one of the following actions:

(1) surrender the vehicles to Merchants;

(2) enter into a reaffirmation agreement; or

(3) redeem the vehicles under 11 U.S.C. § 722.

The debtor maintains that 11 U.S.C. § 722 permits her to redeem collateral by making regularly scheduled installment payments but without reaffirming the underlying obligation. The debtor is presently current in her installment payments and maintains that the ability of Merchants to foreclose on its collateral in the event of future default provides Merchants with all the protection allowed by law.

Merchants argues that the rapidly deteriorating nature of the collateral impairs their secured interest in the vehicles. The Bankruptcy Court may also encounter significant administrative difficulties.

A Chapter 7 proceeding, whereby the debtor is discharged through liquidation, may conclude prior to the expiration of the installment payment period. A default by the debtor subsequent to discharge—possibly predicated upon a waste of the collateral, inability to meet the monthly installments or lack of motivation to continue payments on a rapidly depreciating collateral such as a vehicle —would burden the creditor with the expense and effort of reapplying to the bankruptcy court for relief. *In re Bell*, 700 F.2d 1053 (6th Cir.1983).

Creditor protection is decreased when the Bankruptcy Court is unable to monitor installment payments or adequately enforce installment redemption. *See In Re Cruse-turner*, 8 B.R. 581, 588 (Bkrtcy.D.Utah 1981).

Although the debtor cites a bankruptcy court case which has allowed installment redemption, the Sixth Circuit *Bell* decision shows a greater concern for both debtor and creditor interests. In addition, the *Bell* decision more accurately reflects the legislative intent behind the enactment of 11 U.S.C. § 722.

Redemption under § 722 is broader than redemption under the Uniform Commercial Code § 9–506, but the differences are only with respect to the type of property which may be redeemed, timing of the redemp-tion, waivability of the redemption right and amount of required payment. *See In re Kinser*, 17 B.R. 468 (Bkrtcy.Ga.1981). The official comment to § 9–506 provides:

'Tendering fulfillment' obviously means more than a new promise to perform the existing promise; it requires payment in full of all monetary obligations then due and performance in full of all other obligations then matured.

Section 722 also contemplates only a "lump sum" payment. *See In re Cruse-turner*, 8 B.R. 581 (Bkrtcy.D.Utah 1981).

The Bankruptcy Court considered these factors and found that the debtor must take speedy action in securing her debt to Merchants. The Court permitted the debtor to choose which of the following options under Chapter 7 she would take:

(1) to reaffirm the debt by executing a reaffirmation agreement in favor of Merchants; or

(2) to surrender the collateral to Merchants thereby fully discharging any debt owing to Merchants; or

(3) to redeem the collateral by making a lump sum payment of the fair market value of the vehicles on or before the meeting of creditors.

Accordingly, the Court hereby DENIES plaintiff Edwards' appeal of the bankruptcy judge's entry of June 1, 1988, and orders plaintiff to act upon the option of her choice within ten (10) days after the date of this order.

IT IS SO ORDERED.