JOHN P. MOORE, Circuit Judge.
 

 After examining the briefs and appellate record, this panel' has determined unanimously that oral argument would not materially assist the determination of this appeal.
 
 See
 
 Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 

 This is an appeal from a ruling of the district court sitting as an appellate court in bankruptcy. The question presented is whether the debtors’ failure to comply with the mandatory requirements of 11 U.S.C. § 521(2) gives a secured creditor an automatic and conclusive right to repossess collateral. A secondary question is whether a bankruptcy court can permit debtors to retain the collateral upon performance of certain conditions even though the debtors have neither redeemed the collateral nor reaffirmed the debt for which the collateral provides security. We conclude the debtors’ failure to file the notice of the election required by § 521(2)(A) does not result in an automatic benefit to the creditor. We also conclude, under the facts of this case, the bankruptcy court acted within its discretionary authority to permit the debtors
 
 *1545
 
 to retain the collateral without either redeeming or reaffirming. We therefore affirm the judgment of the district court.
 

 The debtors, James and Sharon West, purchased a pickup truck with funds loaned to them by the creditor, Lowry Federal Credit Union. To secure the loan, the debtors executed a security agreement conveying to Lowry a security interest in the vehicle. The agreement called for monthly payments of $342 and required the debtors to maintain insurance coverage on the truck. The agreement also contained a clause that stated a default in the obligation would occur “if something happens which significantly reduces the credit union’s ability to realize on any property you have given as security.”
 

 Approximately fourteen months later, debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. At the time of the filing, and, subsequently, the debtors were and have been current on their payments. They also have maintained adequate insurance on the vehicle.
 

 Lowry demanded debtors either reaffirm the debt or redeem the collateral and threatened to repossess the vehicle. Because they did not believe the debt to be in default, debtors filed in the bankruptcy court a complaint for declaratory judgment and injunctive relief. The bankruptcy court agreed the debtors were not in default under the terms of the security agreement; consequently, the court held the debtors could not be forced to relinquish possession of the collateral. Moreover, the court concluded the debtors’ discharge in bankruptcy did not put the creditor at risk sufficient to invoke the default clause in the security agreement.
 
 [1]
 
 In addition, the bankruptcy court enjoined Lowry from repossessing the vehicle so long as the debtors “remain current on the payments, provide adequate insurance, and are not otherwise in default of their contractual obligations.” On appeal, the district court affirmed, 101 B.R. 648, and Lowry appealed to this court.
 

 At issue here is whether, as a condition of retaining possession of property, a debt- or must redeem collateral or reaffirm a debt even though all obligations owed on that debt by the debtor are current. The genesis of the issue lies within 11 U.S.C. § 621(2)(A) & (B).
 

 As part of the duties required of a bankruptcy debtor, § 521(2)(A) mandates the debtor “shall file with the clerk a statement of his intention with respect to the retention ... of [secured] property, and, if applicable, ... that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property.” Within forty-five days of filing such a statement, “the debtor shall perform his intention with respect to such property.” 11 U.S.C. § 521(2)(B). In this case, debtors did not fully comply with § 521(2). They merely declared they intended to retain their truck and did not state whether they would redeem or reaffirm, nor did they do either within the forty-five day period.
 

 The creditor argues that the requirements of § 521(2) are mandatory. That is obvious. There is no room within the direct language of the section to presume 'otherwise.
 
 [2]
 
 The issue, however, is what are the consequences of the debtors’ failure to comply? Neither party directly addresses that question.
 

 
 *1546
 
 Although Lowry presumes to the contrary, there is nothing within the text of § 521 which suggests a creditor succeeds automatically to any rights as a consequence of the debtors’ failure to comply with its mandatory directives. Indeed, only the trustee may take an interest in the property. When the debtor fails to comply with the § 521(2) requirements, the trustee is vested by 11 U.S.C. § 704(3)
 
 [3]
 
 with ensuring the debtor’s compliance with § 521(2). That responsibility, however, is not coupled with any power of enforcement. In short, there is a gap between the trustee’s duty to obtain compliance and the trustee’s power to enforce that duty because Congress provided neither a penalty for a debtor’s failure to comply with § 521(2)
 
 [4]
 
 nor a specific remedy for a creditor as a consequence of such a failure.
 

 We therefore conclude debtors’ failure to comply fully with § 521(2) does not give a secured creditor an automatic right to repossess collateral. The creditor’s right to demand redemption or reaffirmation is neither enhanced nor diminished because of that failure.
 

 The next question is whether 11 U.S.C. § 521 must be read to limit a debt- or’s right to retain possession of collateral to redemption or reaffirmation. While a debtor may redeem property, subject to 11 U.S.C. § 722, or reaffirm a debt, subject to 11 U.S.C. § 524(c)(4), nothing within the Code makes either course exclusive. We, therefore, cannot conclude the bankruptcy court acted without jurisdiction in this ease.
 

 This conclusion leaves for resolution Lowry’s argument that the obligation is in default because of the terms of the so-called “ipso facto” clause in the loan agreement. Lowry argues that the parties have agreed that the mere filing of a bankruptcy petition results in the debtors’ default, and allowing them to keep their truck is not only contrary to the terms of the agreement but also prejudicial to Lowry’s financial interest. We disagree.
 
 [5]
 

 We are in accord with the district and bankruptcy courts that the mere filing of the petition has not put Lowry in any more jeopardy than that which existed prior to the filing of the petition. Lowry did not introduce any evidence of actual prejudice but merely relied upon speculative arguments over dreadful possibilities that may result if the debtors fail to exercise proper care of the truck or ultimately fail to pay. While evidence of actual prejudice might persuade us to the contrary, we can see no harm resulting to Lowry from the order of the bankruptcy court.
 

 In its brief, Lowry asks us to take “judicial notice” that the truck will depreciate in value over time. While taking judicial notice is part of the fact-finding process that occurs in a trial court, and thus is entirely foreign to the appellate process, we do not deem the fact of depreciation important to our analysis. Indeed, we assume, in the scenario presented in the record before us, the amount of the outstanding obligation will also diminish with the passage of time. If depreciation will occur more rapidly, and if Lowry believed it would be harmed by that occurrence, Lowry should have introduced evidence to support its contention. In the absence of such evidence, however, we cannot assume the mere filing of the petition has caused a significant detriment to Lowry, and we decline the creditor’s invitation to speculate.
 

 Since the debtors are current, and since nothing in the record suggest a sig
 
 *1547
 
 nificant disparity between the value of the collateral and the amount of the debt, the effect of the bankruptcy court’s ruling is to put the parties where they were prior to bankruptcy.
 
 [6]
 
 Moreover, considering the practical effect of the bankruptcy court’s order, we believe reaffirmation of the debt in its present posture would be simply cosmetic.
 
 [7]
 

 Applying the law as we find it, we cannot say the district court erred in affirming the judgment of the bankruptcy court. In sum, although we regard as mandatory the provisions of Code § 521(b), we do not believe those provisions make redemption or reaffirmation the exclusive means by which a bankruptcy court can allow a debtor to retain secured property. When the state of the evidence indicates neither the debtor nor the creditor would be prejudiced, a bankruptcy court may allow retention conditioned upon performance of the duties of the security agreement as a condition of retention.
 

 AFFIRMED.
 

 The mandate shall issue forthwith.
 

 [1]
 

 . The bankruptcy court rejected the creditor’s argument that the discharge of a possible deficiency between the amount owed and the value of the collateral presented such a risk.
 

 [2]
 

 . To escape the mandatory language of the section, debtors argue the "if applicable" phrase gives a debtor some form of option. We are unpersuaded by that argument because it is inconsistent with the plain meaning of the statute. The words "if appropriate” are gratuitous and do not affect the mandatory duties prescribed by the statute. The plain English of the section requires every debtor in possession of collateral to make an election whether to retain or relinquish that property. If the debtor decides to retain, the debtor is required to elect whether to redeem or reaffirm. The section also requires the choice be effected within 45 days no matter whether the decision is to retain or relinquish. No other meaning can be gained from the precise terms of the statute, and nothing suggests the debtor can simply elect to retain the property and ignore the other duties required by § 521(2).
 

 [3]
 

 . "The trustee shall ... ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title.” 11 U.S.C. § 704(3).
 

 [4]
 

 . The only exception would be the possible denial of discharge if a debtor disobeys an order requiring compliance with § 521(2).
 
 See
 
 3 L. King,
 
 Collier on Bankruptcy
 
 ¶ 521.09[4] (15th ed. 1989).
 

 [5]
 

 .We do not rule on the enforceability of such clauses because the issue has not been raised and thus is not before us;
 
 but see Riggs Nat'l Bank of Washington, D.C. v. Perry,
 
 729 F.2d 982, 984-85 (4th Cir.1984).
 

 [6]
 

 . Whether there will ever be a default that will leave in a portion of the debt subject to discharge is problematic. We will not, in the face of the record, entertain the speculative argument that the bankruptcy court has left Lowry in a worse position than it occupied before bankruptcy.
 

 [7]
 

 . Because Lowry places great reliance upon
 
 General Motors Acceptance Corp. v. Bell, 700
 
 F.2d 1053 (6th Cir. 1983), we should indicate we find the case inapposite.
 
 Bell
 
 considered only whether a debtor could redeem by installment payments "This action joins the legal issue of whether redemption of secured collateral in a Chapter 7 bankruptcy proceeding may be achieved through installment payments."
 
 Bell,
 
 700 F.2d at 1054. The court’s analysis must be read within that context. Since the issue here has nothing to do with redemption by installments, we find nothing in
 
 Bell
 
 applicable to the matter before us. Despite Lowry’s argument to the contrary, the bankruptcy court did not allow the debtors to redeem in installments. Thus, we find nothing in
 
 Bell
 
 applicable to the matter before us. To the extent the
 
 Bell
 
 court's analysis goes beyond the issue it resolved, we conclude it is dicta, and we reject it out of hand.