**In re G.E. KENNEDY and Dorothy Kennedy.**

**Bankruptcy No. 90–42259S.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

March 3, 1992.

---

James Stanley, North Little Rock, Ark., for debtor.

Martha McAlister, Little Rock, Ark., for creditor.

## ORDER GRANTING MOTION
## FOR ORDER PURSUANT
## TO 11 U.S.C. § 521(2)

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the "Motion for Order Requiring the Debtors to Perform Statement of Intentions Pursuant to 11 U.S.C. § 521(2)(B) and Order Requiring Trustee to Ensure that Debtor Perform Intentions as Required by 11 U.S.C. § 704(3)" filed by the creditor Green Tree Acceptance, Inc., on December 6, 1991. At the hearing held on January 31, 1992, the motion was withdrawn as to the trustee.

Green Tree Acceptance, Inc. ("Green Tree") is the first lien holder on the debtors' mobile home. There is no dispute that the debtors are in compliance under the contract: insurance is in force and they are current with the monthly payments. The debtors have filed a statement of intentions as required by Bankruptcy Code section 521 in which they state that they will redeem the collateral. However, they intend to do so by continuing to make the regular contractual monthly payments.

Green Tree filed this motion seeking an order requiring the debtor to choose one of the three acts described in Bankruptcy Code section 521(2). Specifically, Green Tree asserts that if the debtors intend to redeem the collateral, they must do so by making a lump sum payment to Green Tree. The debtors argue that the choices enumerated in section 521(2) are not exclusive such that they may retain the collateral by making their regular monthly payments.

■ Section 521 lists the debtors' duties upon filing a petition in bankruptcy. Section 521(2) lists the methods of, and time limits for, treating property in which a creditor has a security interest:

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property.

The dispute centers on the application of this paragraph. The issue is whether the methods of treatment—(1) surrendering the collateral; (2) redeeming the collateral; and (3) reaffirming the debt—are exclusive or, may a debtor choose, if current on the debt, to simply continue with the contract and make monthly payments.

Numerous bankruptcy courts and three circuit courts have ruled on this issue, with little consistency in results. There is no controlling authority in this district. The Tenth Circuit has decided that the three methods are not exclusive such that the bankruptcy court has discretion to permit debtors to retain collateral without redeeming or reaffirming the debt. *Lowry Federal Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989).[1] This Court finds the rea-

---

**1.** Citing *Lowry, Collier on Bankruptcy* describes the alternative of retaining property and con-

tinuing to pay the secured debt without redemption or reaffirmation. *Collier on Bankruptcy,*

soning in *In re Edwards,* 901 F.2d 1383 (7th Cir.1990) and *General Motors Acceptance Corporation v. Bell (In re Bell),* 700 F.2d 1053 (6th Cir.1983) to be more persuasive.

Section 521(2)(A) first requires a debtor to state whether he will surrender or retain the collateral. The second clause of the paragraph instructs the debtor as to the options if he intends to retain the collateral. "If applicable," *i.e.,* if the debtor chooses to retain the collateral, he must specify whether the collateral is exempt, whether it will be redeemed or the debt reaffirmed. 11 U.S.C. § 521(2)(A). Thereafter, section 521(2)(B) specifies the time in which the debtor must perform the stated intentions.

Were this Court to permit a debtor to retain the collateral without performing either redemption or reaffirmation, both of those alternatives are rendered nugatory. A Chapter 7 debtor would never have a reason to either reaffirm the debt or redeem the collateral if this or other alternatives existed. *See Edwards,* 901 F.2d at 1386, 1387; *Bell,* 700 F.2d at 1056 ("[I]f a debtor is authorized by the bankruptcy court to redeem by installments over the objection of the creditor, such practice would render the voluntary framework of § 524(c) an exercise in legislative futility."). The rationales for requiring the debtor to comply with the mandatory provisions of section 521(2) have been exhaustively and cogently set forth in the *Edwards* and *Bell* opinions, and this Court will not repeat them here. It is sufficient to adopt those rationales and analyses.

This Court finds the language and reasoning in *Lowry* inherently inconsistent within itself and with the Bankruptcy Code. The Tenth Circuit states,

> The creditor argues that the requirements of § 521(2) are mandatory. That is obvious. There is no room within the direct language of the section to presume otherwise.[2]

---

2. To escape the mandatory language of the section, debtors argue the "if applicable" phrase gives a debtor some form of option.... The plain English of the section requires every debt-

¶ 521.09A at 521–46 (15th ed. 1991). *Collier* also notes that "the Code does not permit this alter-

or in possession of collateral to make an election whether to retain or relinquish that property. *If the debtor decides to retain, the debtor is required to elect whether to redeem or reaffirm.* The section also requires the choice be effected within 45 days no matter whether the decision is to retain or relinquish. *No other meaning can be gained from the precise terms of the statute, and nothing suggests the debtor can simply elect to retain the property and ignore the other duties required by § 521(2).*

*Lowry,* 882 F.2d at 1545 & n. 2 (emphasis added). Three paragraphs later, *Lowry* states,

> The next question is whether 11 U.S.C. § 521 must be read to limit a debtor's right to retain possession of collateral to redemption or reaffirmation. While a debtor may redeem property, subject to 11 U.S.C. § 722, or reaffirm a debt, subject to 11 U.S.C. § 524(c)(4), nothing within the Code makes either course exclusive.

*Id.* at 1546. *Lowry* concludes by stating that while the "provisions of Code § 521(b) [sic]" are mandatory,

> [W]e do not believe those provisions make redemption or reaffirmation the exclusive means by which a bankruptcy court can allow a debtor to retain secured property. When the state of the evidence indicates neither the debtor nor the creditor would be prejudiced, a bankruptcy court may allow retention conditioned upon performance of the duties of the security agreement as a condition of retention.

*Id.* at 1547. The rule now prevailing in the Tenth Circuit is not only contradictory within the decision, it is not supported by the Bankruptcy Code. There is no provision in the Code that permits a Chapter 7 debtor to retain collateral simply because no prejudice was shown to the creditor; the admittedly mandatory language of the statute does not permit this construction. *See Edwards,* 901 F.2d at 1386 ("The *Lowry* court seemed to think that § 521 was mandatory but that the trustee of the estate lacked any power to compel the debtor to act.... This aspect of *Lowry* is not consonant with the plain language of the Bankruptcy Code.").

native." *Id.*

■ Part of the difficulty the Tenth Circuit encountered in *Lowry* is the fact that the Code requires the trustee ensure the debtor performs his intentions, 11 U.S.C. § 704(3). *See Lowry* at 1546. While the Bankruptcy Code does not expressly grant a creditor standing to enforce section 521(2), neither the Sixth nor Seventh Circuit found this to be an insurmountable hurdle. *See Edwards* at 1386–87.[2] Of course, the better procedure is to first request of the trustee that he perform his function. *See In re Williams*, 64 B.R. 737 (Bankr.S.D. Ohio 1986). While the creditors remedies are limited and the trustee has little incentive to perform this function, this Court has the power to direct the debtor to comply with the provisions of the Bankruptcy Code in this situation. 11 U.S.C. § 105. Accordingly, it is

ORDERED that the debtor is directed to state and perform his intentions in accord with this opinion and Bankruptcy Code sections 521(2)(A) and (B).

IT IS SO ORDERED.

2. *Bell,* 700 F.2d 1053, arose, however, in a different context. In *Bell,* the debtors exempted their equity in the vehicle, the trustee abandoned the estate's interest, whereupon the creditor filed a complaint to reclaim the van.