In re Rafael A. OGANDO, Debtor.

In re Raymond C. WRIN and Marcelle M. Wrin, Debtors.

In re Gayle H. CLARKE, Debtor.

In re Ormand A. BATES, Jr., and Janet R. Bates, Debtors.

In re Patricia A. NOVAL, a/k/a Patricia Noval, Debtor.

In re Norman Stanley DOIRON and Deborah Anne Doiron, Debtors.

Bankruptcy Nos. 96–42722–JFQ, 96–43214–JFQ, 96–43240–JFQ, 96–43595–JFQ, 96–43855–JFQ and 96–44352–JFQ.

United States Bankruptcy Court, D. Massachusetts.

Dec. 6, 1996.

John R. Cox, N. Andover, MA, for Rafael A. Ogando.

Jeffrey A. Schreiber, Schreiber & Associates, Danvers, MA, for Sears, Roebuck & Co.

## OPINION

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

In the captioned chapter 7 cases, Sears, Roebuck and Co. ("Sears") is a creditor holding a purchase money security agreement covering a variety of household goods rang-ing from televisions to mattresses. Its security interest is perfected, notwithstanding lack of filing, because filing is unnecessary to perfect a purchase money security interest in consumer goods. Mass.Ann.Laws ch. 106, § 9–302(1)(d) (Law.Co-op.1984). Sears moves for an order requiring each of the Debtors to file a statement of intent with respect to the Sears debt and the underlying collateral. It bases its motion on section 521(2) of the Bankruptcy Code, quoted below.[1]

■ · Sears contends the debtor is restricted to electing among the options set forth in section 521(2). There is no difficulty presented in its request for an order requiring the Debtor to state an intention with respect to retention or surrender the collateral. But such an order would not satisfy Sears. If the collateral is to be retained, Sears wants an order requiring the Debtor to make an election among the retention options set forth in the statute. Because Sears' security interest is of the purchase money variety, the Debtor cannot benefit from claiming the property as exempt and then seeking to avoid the security interest pursuant to the avoidance powers contained in section 522(f). See 11 U.S.C. § 522(f) (1994). This means the Debtor must either redeem or reaffirm if his rights are limited to the options contained in section 521(2). Redemption requires payment of the full amount of the secured claim. 11 U.S.C. § 722 (1996); General Motors Acceptance Corp. v. Bell (In re Bell), 700 F.2d 1053 (6th Cir.1983). This is hardly feasible for the typical chapter 7 debtor. Reaffirmation, therefore, is the only practical retention option referred to in the statute. Obtaining

---

1. Section 521(2) provides:
   (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
   (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor

intends to reaffirm debts secured by such property;
   (B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and
   (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title.
11 U.S.C. § 521(2) (1996).

reaffirmation is obviously Sears' goal in filing the motions.

Resolution of whether a secured creditor can accomplish this goal under section 521(2) has produced a split among the circuits. Three courts of appeal hold a debtor may not retain the collateral without either redeeming the property or reaffirming the debt. *Johnson v. Sun Finance Co. (In re Johnson)*, 89 F.3d 249 (5th Cir.1996); *Taylor v. AGE Federal Credit Union (In re Taylor)*, 3 F.3d 1512 (11th Cir.1993); *In re Edwards*, 901 F.2d 1383 (7th Cir.1990). Two courts of appeal conclude the debtor has more options than those set forth in the statute. *Home Owners Funding Corp. v. Belanger (In re Belanger)*, 962 F.2d 345 (4th Cir.1992); *Lowry Federal Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989). There is similar disagreement among bankruptcy courts outside these five circuits. *See, e.g., In re Parlato*, 185 B.R. 413 (Bankr.D.Conn.1995) (statutory options not exclusive); *In re Tameling*, 173 B.R. 627 (Bankr.W.D.Mich.1994) (same); *In re Chavarria*, 117 B.R. 582 (Bankr.D.Idaho 1990) (statutory options deemed exclusive). A district court judge in this district favors giving a debtor more than the statutory options. *See Sears, Roebuck & Co. v. Lamirande (In re Lamirande)*, 199 B.R. 221 (D.Mass.1996) (debtor may choose to retain collateral and continue making payments).

Courts restricting the debtor's retention rights to redemption or reaffirmation (or exemption) rely upon the phrase "if applicable" appearing in section 521(2)(A). They believe the phrase necessarily refers to the election to retain or surrender the collateral previously referred to in the statute. Because exemption, redemption or reaffirmation is relevant only if the debtor retains the collateral, they reason that retention requires election among these three options. *Taylor*, 3 F.3d at 1516; *Edwards*, 901 F.2d at 1385. A more apt way for Congress to have expressed this thought would be to say "if the debtor states an intention to retain the property" rather than using the vaguer words "if applicable." Nevertheless, based only on the language of paragraph (A), the interpretation these courts make of the statute is plausible. Other courts disagree. They give "if applicable"

its more general meaning in the context—that the requirement for the debtor to specify he intends to redeem or reaffirm (or claim the collateral as exempt) is imposed only if the debtor in fact intends to redeem or reaffirm. These courts say "if applicable" is otherwise redundant because the option of exemption, redemption or reaffirmation is phrased in the disjunctive. *Belanger*, 962 F.2d at 348. This is also a plausible interpretation. The most, therefore, that can be said of "if applicable" is that the phrase is ambiguous. As a result, we must look elsewhere to glean the meaning of subparagraph (A).

■ We do not have far to look. Subparagraph (C) states: "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title." 11 U.S.C. § 521(2)(C) (1996). To restrict the debtor's retention options to redemption or reaffirmation (or exemption) indisputably does "alter" the debtor's "rights." A debtor otherwise may retain the collateral and continue to make the contract payments or go into default and risk foreclosure. Amazingly, courts restricting the debtor to redemption or reaffirmation refer not at all to subparagraph (C). Yet its meaning is plain, especially in light of its location in a statute whose other paragraphs all relate to procedure and not substance.

Subparagraph (C) is not the only compelling reason to conclude the Debtors here are not confined to redemption or reaffirmation if they retain the property. There is also the great concern Congress displays in section 524(c) to protect the debtor against reaffirmation. That subsection mandates what a reaffirmation agreement must contain, including a "clear and conspicuous statement which advises the debtor that such agreement is not required...." 11 U.S.C. § 524(c)(2)(B) (1996). Imposing reaffirmation upon the debtor if the debtor retains the property but does not redeem makes reaffirmation "required." And it renders largely illusory the other protections afforded the debtor by section 524(c), including the right to a determination by his attorney that the debtor's reaffirmation is "voluntary." *See* 11 U.S.C. § 524(c)(3)(A) (1996).

Courts favoring restricting the debtor's retention options do more than ignore the congressional mandate that a reaffirmation agreement be voluntary on the part of the debtor. They turn that mandate on its head. They assert that to permit a debtor to retain the collateral while remaining current on the payments "force[s] a new arrangement on a creditor [and] negates the voluntarism contemplated by the statute." *Taylor*, 3 F.3d at 1515 (quoting *Edwards*, 901 F.2d at 1386). Ignoring the debtor's obvious need for items such as household furniture or a motor vehicle, they also say a debtor who retains collateral free of personal liability on the debt has no "incentive" to maintain the property. *Id.*

In sum, section 521(2) is merely a procedural statute which by its own terms is not intended to infringe upon any rights the debtor otherwise has with respect to secured consumer debt or the underlying collateral. Among those rights are two not mentioned in the statute—to retain the collateral and keep current on payments or to go into default and risk repossession by the creditor.

Nevertheless, section 521(2) clearly requires a debtor to file a statement of his intention either to retain or surrender the collateral. An order requiring the filing of such a statement has therefore issued.