**In re Steven J. SCHAFER and Rhonda H. Schafer, Debtors.**

**Bankruptcy No. 697–63752–frA7.**

United States Bankruptcy Court,
D. Oregon.

Oct. 28, 1997.

---

Rex Daines, Salem, OR, for Debtor.

Janet Stauffer, Dallesport, WA, for Creditor.

## MEMORANDUM OPINION

FRANK R. ALLEY, III, Bankruptcy Judge.

### I. FACTS

Debtors own a 1993 Nissan automobile, which is security for a loan from Key Bank of Oregon. At the time of the petition the car had a value between $11,250 and $13,000 and the debt to Key Bank was $10,968.

Debtors filed a statement of intent pursuant to Code § 521(2)(A).[1] The statement indicated their intention to retain the collateral, but to neither reaffirm nor redeem it. The parties agree that the Debtors have maintained current payments on the obligation to Key Bank, and are not otherwise in default. Key Bank has moved for an order terminating the automatic stay with respect to the vehicle, or, in the alternative, requiring the Debtors to either reaffirm their obligation to Key Bank, or redeem the collateral. Debtors wish to retain the collateral without taking either of these steps, and assert that they should be permitted to do so as long as they continue to perform under the terms of the contract. This procedure, while not explicitly recognized in the Code, is commonly referred to as "reinstatement", the term that

---

1. Unless otherwise indicated, all statutory references are to the United States Bankruptcy code: 11 U.S.C. §§ 101 to 1330.

will be used in this memorandum. *See In re Boodrow,* 126 F.3d 43, 49 n. 6 (2nd Cir.1997). Debtors further assert that no cause exists for modifying the automatic stay. 11 U.S.C. § 362(d)(1).

## II. DISCUSSION

Congress added § 521(2)(A) to the Bankruptcy Code in 1984. The section provides that

(A) Within thirty days after the date of the filing of the petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if **applicable,** specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

[Emphasis added]

There is considerable disagreement between trial and appellate courts over whether this section limits debtors to the three options of surrender, reaffirmation, or redemption. *See Lowry Federal Credit Union v. West,* 882 F.2d 1543 (10th Cir.1989) (the direction under § 521 is mandatory, but redemption and reaffirmation are not exclusive; Bankruptcy Court has discretion to permit reinstatement); *In re Edwards,* 901 F.2d 1383 (7th Cir.1990) (debtor must either redeem collateral or reaffirm debt secured by collateral); *In re Belanger,* 962 F.2d 345 (4th Cir.1992) (allows reinstatement without redemption or reaffirmation); *In re Taylor,* 3 F.3d 1512 (11th Cir.1993) (debtor may not retain collateral without either redeeming the property or reaffirming debt); *In re Boodrow,* 126 F.3d 43 (2nd Cir.1997) (permitting reinstatement).

After reviewing prior case law, the Court of Appeals for the Second Circuit found in *Boodrow* that the "plain" language of the statute arguably supported either interpretation. The court went on to hold that § 521 served primarily to require notice to secured creditors, and was not intended to restrict substantive options available to a debtor who wished to retain collateral securing a debt. The court further agreed with the view of the Bankruptcy Court that permitting reinstatement was "most consistent with balancing the 'fresh start' policy underlying the Code and the rights of the ... secured creditors." *Boodrow* at 59 (citing *In re Boodrow,* 192 B.R. 57, 59 (Bankr.N.D.N.Y.1995)). The court noted that confining an individual Chapter 7 debtor to the choices of surrender, redemption or reaffirmation would severely interfere with the debtor's ability to obtain a fresh start. Since redemption would require payment of a lump sum to the creditor, it is not a likely option for a Chapter 7 debtor. The only remaining choices would be to reaffirm the debt under whatever new terms the creditor required, or to surrender the property.

The Bankruptcy Appellate Panel of the Ninth Circuit has held that the debtor's options may not be limited to redemption or reaffirmation. *In re Mayton,* 208 B.R. 61 (9th Cir. BAP 1997). In *Mayton* the court interprets § 521(2)(A) in light of subparagraph (c), which states: "Nothing in subparagraphs (a) and (b) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this Title." The court held that, while § 521(2) directs that a debtor give notice to the secured creditor of his intention, and to put that intention into effect, the section was not intended to undercut the debtor's rights to a stay under § 362, or to give the secured creditor any greater, or debtor any fewer, rights than existed between the parties prior to the bankruptcy. "In light of the preservation of or continued existence of the debtor's rights in these respects, the only logical basis for reconciling the conflicting elements of § 521(2) is to hold that it is essentially a notice statute." *Id.* at 67.

■■■ I agree with the reasoning and conclusions of the courts in *Boodrow* and *Mayton.* The purpose of Code § 521(2) is to require the debtor to give early notice to secured creditors of what they can expect with respect to their collateral, and to provide them with a remedy if the debtor states an intention to reaffirm, redeem, or surren-

der, and thereafter fails or refuses to do so. However, the statute does not operate to extinguish other options permitted by state law or the parties' contract.

Key Bank seeks relief from the automatic stay under Code § 362. When queried about what remedy Key Bank would pursue in State Court if the motion were allowed, counsel asserted that the failure to redeem or reaffirm in and of itself constituted a default under the parties' contract. However, the contract itself contains no terms to that effect. Failure to comply with Code § 521 does not, by itself, give rise to any rights against the debtor who is otherwise not in default. *Lowry Federal Credit Union v. West,* 882 F.2d at 1546 (10th Cir.1989). It is conceded that the Debtors have equity in the vehicle. No cause exists under Code § 362(d)(1) to modify the stay.

In the alternative Key Bank asks that the Debtors be required to elect between redemption of the collateral or reaffirmation of the underlying debt. Since those options are not exclusive, and the purpose of Code § 521 is primarily to give notice of intention, such relief would be inappropriate.

An order consistent with the foregoing will be entered.