**In re Carl Richard THEOBALD and Connie Louise Theobald, Debtors.**

**GREEN TREE FINANCIAL SERVICING CORP., Appellant,**

v.

**Carl Richard THEOBALD and Connie Louise Theobald, Appellees.**

**BAP No. NM–97–071.**
**Bankruptcy No. 97–12728.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

March 2, 1998.

Daniel E. Duncan, Duncan Law Offices, P.C., Albuquerque, NM, for Appellant.

Robert L. Finch, Farmington, NM, for Appellees.

Before PEARSON, BOULDEN, and CORNISH, Bankruptcy Judges.

OPINION

BOULDEN, Bankruptcy Judge.

Green Tree Financial Servicing Corporation (Green Tree) sought a court order to require the debtors to execute and deliver a Special Warranty Deed and Estoppel Affidavit in order to effectuate the debtors' intention to surrender a mobile home. The Bankruptcy Court denied the motion. For the reasons set forth below, we affirm.[1]

I. *Background*

Carl Richard Theobald and Connie Louise Theobald (Debtors) filed a chapter 7 petition,

---

1. After examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.Bankr.P. 8012; 10th Cir. BAP L.R. 8012–1(a). The Motion to Withdraw Request for Oral Argument is granted and the case is therefore submitted without oral argument.

and with it a Chapter 7 Individual Debtor's Statement of Intention (SOI) pursuant to 11 U.S.C. § 521(2).[2] The SOI indicated the Debtors' intention to surrender a 1996 Champion Woodridge mobile home to Green Tree, a creditor having a security interest therein. The Debtors relinquished physical possession of the mobile home to Green Tree. Green Tree then requested that the Debtors sign a Special Warranty Deed and Estoppel Affidavit to provide Green Tree clear title to the property. The Debtors declined to do so, prompting Green Tree to file a Motion to Lift Automatic Stay and for Order Directing Execution and Delivery of Deed (Motion). The parties stipulated that the stay would be lifted, but the Debtors objected to the portion of the Motion that sought to require them to execute the Special Warranty Deed and Estoppel Affidavit. After a preliminary hearing on the Motion, the Bankruptcy Court took the matter under advisement. The Bankruptcy Court allowed the parties to brief the issue of whether "surrender" of real property collateral in the context of § 521(2) required the Debtors to both relinquish possession *and* to execute and deliver a Special Warrant Deed and Estoppel Affidavit. The Bankruptcy Court issued an oral decision denying the Motion. The stated reasons were that such a ruling would place a debtor in an untenable position if more than one lienholder had an interest in the property, and that the Bankruptcy Code anticipated that surrender would be followed by the creditor exercising steps to foreclose on the lien or execute on a judgment. The oral ruling was reflected in an Order Denying Motion Directing Debtors to Execute and Deliver Deed (Order). This appeal followed.

## II. *Appellate Jurisdiction and Standard of Review*

We have jurisdiction over this appeal. The Order ends the dispute between the parties on the merits and is a "final" order, subject to appeal under 28 U.S.C. § 158(a)(1). *See Quackenbush v. Allstate Ins. Co.,* 517 U.S.

706, 710–12, 116 S.Ct. 1712, 1718, 135 L.Ed.2d 1 (1996). Green Tree's notice of appeal was timely filed. Fed.R.Bankr.P. 8002. The parties have consented to this Court's jurisdiction by failing to elect to have the appeal heard by the District Court. 28 U.S.C. § 158(c)(1); Fed.R.Bankr.P. 8001; 10th Cir. L.R. 8001–1.

There are no facts in dispute. We review the Order *de novo* to determine if the Bankruptcy Court erred as a matter of law in denying the Motion. *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490 (1988) (questions of law are reviewable *de novo* ); *Lilly v. Fieldstone,* 876 F.2d 857, 858 (10th Cir.1989) (standard of review is the same as that which was applied by the trial court in making its ruling.)

## III. *Discussion*

Green Tree suggests we define "surrender" as used in § 521(2)[3] to require that a debtor transfer title to a creditor by executing and delivering a deed in order to effectuate surrender. We start with the language of the statute. *Dalton v. IRS,* 77 F.3d 1297, 1299 (10th Cir.1996) (statutory interpretation begins with the language of the statute itself). Section 521 requires, in relevant part, that:

> The debtor shall—
>
> . . .
>
> (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
>
> > (A) within thirty days after the date of the filing of a petition under chapter 7 of this title . . ., the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debt-

---

2. Future references are to Title 11, United States Code, unless otherwise noted.

3. Although this is a chapter 7 case, Green Tree asserts its suggested interpretation of § 521(2) should also apply to the surrender provision found in § 1325(a)(5)(C) that relates to the con-

firmation of a chapter 13 plan. Under Green Tree's analysis, this ruling would define the term "surrender" wherever used in the Bankruptcy Code, and would cover all property surrendered, whether real or personal.

or intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title; . . . .

11 U.S.C. § 521(2)(A)—(C).

The language of the statute does not require a debtor to transfer title by executing and delivering a deed in order to effectuate surrender, much less the Special Warranty Deed and Estoppel Affidavit referenced by Green Tree. However, Green Tree argues that to give effect to the language of the statute relating to the surrender of collateral, the Bankruptcy Court must impose these

additional duties upon the Debtors to ameliorate the expenses Green Tree would incur by exercising its state court foreclosure remedies.

The Tenth Circuit has ruled that a debtor's *failure* to comply with the mandatory requirements of § 521(2) does not create an automatic benefit for a secured creditor by establishing a right to repossess collateral. *Lowry Fed. Credit Union v. West,* 882 F.2d 1543, 1544–46 (10th Cir.1989) (within discretion of bankruptcy court debtor may retain property without reaffirming or redeeming).[4] Green Tree argues, however, that this Court should hold that the Debtors' *compliance* with § 521(2) creates a substantive right for Green Tree to enable it to obtain title to collateral without resorting to state law remedies. This argument is without merit.[5] Section 521(2) does not affect nor create substantive rights because § 521(2)(C) provides that subparagraphs (A) and (B) do not alter a debtor's or a trustee's rights with regard to the property.

4. *Accord Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow),* 126 F.3d 43 (2d Cir. 1997), *cert. denied,* ___ U.S. ___, 118 S.Ct. 1055, 140 L.Ed.2d 118 (1998) (section 521(2) does not prevent a debtor who is current on loan obligation from retaining collateral and making payment under original loan agreement without reaffirming, surrendering, or redeeming vehicle); *Home Owners Funding Corp. of America v. Belanger (In re Belanger),* 962 F.2d 345 (4th Cir.1992) (debtor may retain property without reaffirming or redeeming); *but see Johnson v. Sun Fin. Co. (In re Johnson),* 89 F.3d 249 (5th Cir.1996) (debtor who is delinquent in payments cannot retain collateral without either redeeming or reaffirming); *Taylor v. AGE Fed. Credit Union (In re Taylor),* 3 F.3d 1512 (11th Cir.1993) (debtor cannot retain collateral without either redeeming or reaffirming); *In re Edwards,* 901 F.2d 1383 (7th Cir.1990) (debtor must redeem or reaffirm to retain property).

5. Green Tree relies on case law in which the facts differ from this case. In two cases the debtors purportedly surrendered personal property but did not have physical possession of the property, and the surrender was in fact more properly an abandonment. *See Hospital Auth. Credit Union v. Smith (In re Smith),* 207 B.R. 26, 30 (Bankr.N.D.Ga.1997) (chapter 13 debtor sought to modify a confirmed chapter 13 plan by electing to surrender a vehicle in the possession of a repair shop, because the debtor did not have

sufficient funds to pay the costs of repair); *In re Robertson,* 72 B.R. 2, 3 (Bankr.D.Colo.1985) (chapter 13 debtor sought confirmation of a chapter 13 plan that provided for surrender of a vehicle in possession of the debtor's former spouse by virtue of a decree of divorce awarding the vehicle to her). In both cases, the courts held that in order to surrender possession rather than merely effecting an abandonment, the debtor must have possession of the collateral, and return and relinquish possession or control of the collateral to the creditor.

Two additional cases relied upon by Green Tree relate to real property but also have different facts that distinguish them from this case. *See In re Williams,* 70 B.R. 441, 442–43 (Bankr. D.Colo.1987) (chapter 13 debtor sought to abandon/surrender real property but failed to vacate the residence and turn over possession to the creditor); *In re Stone,* 166 B.R. 621, 623 (Bankr.S.D.Texas 1993) (chapter 13 debtor's attempt to surrender residence solely to the Internal Revenue Service when senior liens existed did not constitute a surrender under § 1325(a)(5)(C), it being "preferable for property which is subject to the claims of several lienholders to be surrendered to all the various lienholders at once and for foreclosure of all liens concurrently" (citing *In re Toth,* 61 B.R. 160 (Bankr. N.D.Ill.1986))). Green Tree has not cited any case that holds that surrender under § 521(2) requires a debtor to transfer title to the surrendered property.

Many courts considering the effect of § 521(2) hold that it is primarily a notice statute. *See Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 51 (2d Cir.1997) (section 521(2) "appears to serve primarily a notice function"), *cert. denied*, ___ U.S. ___, 118 S.Ct. 1055, 140 L.Ed.2d 118 (1998); *Home Owners Funding Corp. of America v. Belanger (In re Belanger)*, 962 F.2d 345 (4th Cir.1992) (affirming the district court that concluded § 521 was a procedural statute that provided notice in order to inform the lien creditor of the debtor's intention); *Mayton v. Sears, Roebuck & Co. (In re Mayton)*, 208 B.R. 61, 68 (9th Cir. BAP 1997) (concluding that § 521(2) is "essentially a notice statute"); *In re Irvine*, 192 B.R. 920, 921 (Bankr.N.D.Ill.1996) (stating with regard to § 521(2) that "the purpose behind the section is one of notice") (citations omitted); *In re Parker*, 142 B.R. 327, 329 (Bankr.W.D.Ark.1992) (stating, after discussing the legislative history of the section, "[s]ection 521 is 'essentially a notice requirement adopted to permit secured creditors to ascertain the debtor's intentions early in the case'" (quoting *In re Belanger*, 118 B.R. 368, 370 (Bankr.E.D.N.C.), *aff'd*, 128 B.R. 142 (E.D.N.C.1990), *aff'd*, 962 F.2d 345 (4th Cir. 1992))). Indeed, the Tenth Circuit, in interpreting § 521 in the context of the consequences of a debtor's failure to file a notice of election, has stated that "there is nothing within the text of § 521 which suggests a creditor succeeds automatically to any rights as a consequence of the debtors' failure to comply with its mandatory directives." *Lowry*, 882 F.2d at 1546.

Section 521 was not designed to provide a mechanism by which creditors may avoid obligations imposed by state law. *See Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) (in bankruptcy, property interests are determined by state law unless expressly stated otherwise) (specific holding superseded by statute); *see also Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992) (stating while interpreting the Bankruptcy Code that, in the absence of controlling federal law, statutory terms "property" and "interest in property" are "creatures of state

law"). What Green Tree seeks from this Court is an order voiding any and all rights to which the Debtors, a trustee, or other creditors may be entitled under state law. Green Tree is not at liberty to use the Bankruptcy Code to enable it to more expeditiously obtain relief provided for under state law, or to obtain relief wholly unavailable under state law. As stated by the Ninth Circuit Bankruptcy Appellate Panel: "In view of the language of § 521(2)(C), there is no reason to believe that Congress intended that the secured creditor would be in a better position because of the happenstance of bankruptcy than would be the case under state law." *Mayton*, 208 B.R. at 67; *see Taylor v. AGE Fed. Credit Union (In re Taylor)*, 3 F.3d 1512, 1514 n. 2 (11th Cir.1993) (stating in a footnote addressing § 521(2) that "[s]urrender provides that a debtor surrender the collateral to the lienholder who then disposes of it pursuant to the requirements of state law"); *In re Ogando*, 203 B.R. 14, 16 (Bankr. D.Mass.1996) ("In sum, section 521(2) is merely a procedural statute which by its own terms is not intended to infringe upon any rights the debtor otherwise has with respect to secured consumer debt or the underlying collateral.").

Green Tree's broad interpretation of "surrender" under § 521(2) would eviscerate state law. It would leave all parties except Green Tree in an untenable and inequitable position, and create a host of problems and additional duties not required by the Bankruptcy Code. Under Green Tree's view, a debtor surrendering property would be forced to sign a special warranty deed conveying title to the property to the creditor. This special warranty deed could create[6] additional liabilities for a debtor, augmenting the obligations contained in the underlying prepetition contract between the parties. Green Tree's definition would require a debtor to determine to whom the property should be deeded if more than one lienholder had an interest in the property. The creditor would not be required to hold a foreclosure sale or take any other action to ensure that the rights of the debtor and other creditors provided by state law were protected. If there was value in the property that exceeded the

---

**6.** Since Green Tree has not made the Special Warranty Deed and Estoppel Affidavit a part of

the record the Court can draw no conclusions as to its effect on the parties.

secured creditor's lien, the creditor would simply keep it. This would enable a creditor not only to maintain the benefit of its bargain with the debtor, but also to gain additional income due to the bankruptcy filing and at the expense of other creditors.

Green Tree's interpretation of the law, while beneficial to Green Tree, is at odds with the plain language of § 521(2) and interferes with underlying state law foreclosure policies and procedures. Green Tree argues that the problem with state law remedies is that they are time-consuming and expensive. That complaint would be best directed to the New Mexico legislature. We will not create a substantive right in § 521(2) where none exists.

### IV. *Conclusion*

For the reasons set forth above, the Bankruptcy Court's Order is affirmed.