**In re Donald James MANRING & Teresa Ann Manring, Debtors.**

**Bankruptcy No. 91–40879–2.**

United States Bankruptcy Court, W.D. Missouri.

July 23, 1991.

Richard E. Rose, Kansas City, Mo., for debtors.

Lydia M. Carson, Kansas City, Mo., for claimants.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtors filed a petition for relief on March 22, 1991. They listed Dayle C. and Margaret C. Thornsberry as secured creditors holding a purchase money security interest in the amount of $19,360.00 in a lot and mobile home purchased in August of 1989. Debtors claimed said lot and mobile home as their homestead and thereby claimed as exempt the $3,640.00 of equity which they alleged existed in the property. Further debtors filed a statement of their intention with respect to the property. In that statement, debtors claimed the property as exempt, stated that they wanted to retain the property, and stated that they would reaffirm the debt. However, debtors thereafter refused to reaffirm.

The creditors filed a Motion For Relief From Automatic Stay. They alleged that the real estate had been acquired July 17, 1989, for $20,500.00, that debtors would not reaffirm, and that creditors were not adequately protected. Both debtors and credi-

tors treated the issue as strictly one to determine whether debtors were required to reaffirm or else suffer lift of the automatic stay. The Court is not certain that it agrees that the issue may be stated so tersely. However, to resolve the issue, the Court will address the points argued by the parties.

■ What really seems at issue is: "Must a debtor reaffirm his obligation to a secured creditor if he has never been in default and desires to retain possession of the security and continue to pay by the original terms of the contract?" This Court cannot find an 8th Circuit pronouncement on the issue. Therefore, it will look to other jurisdictions in attempting to resolve the question.

Before the 1984 amendments to 11 U.S.C. Section 521, the courts had been relatively unanimous in holding that:

1. Ipso facto clause in security documents meant just what it stated but created no default in secured debts absent some other failure by debtors;

2. Redemption or reaffirmation were not the only options of debtors in regard to retention of encumbered property;

3. Creditors with secured but current debts could not obtain relief from the automatic stay to foreclose their security interests. *Riggs Nat. Bank of Washington, Inc. v. Perry*, 729 F.2d 982 (4th Cir.1984), *General Motors Acceptance Corp. v. Abel*, 17 B.R. 424 (D.Maryland 1981).

■ Since the 1984 amendments, the 10th Circuit has spoken to the additional issues raised by the adoption of 11 U.S.C. Section 521(2)(A) & (B), in *Lowry Federal Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989). That court held that both subsections of Section 521 were mandatory but that "debtors' failure to comply fully with Section 521(2) does not give a secured creditor an automatic right to repossess collateral", l.c. 1546. That court went on to observe that debtors' failure neither enhanced nor diminished creditors' rights. Also the Court held that redemption and

reaffirmation were not the only and exclusive rights of the debtor. Finally, the circuit court held that a bankruptcy court may allow retention without reaffirmation under proper circumstances, l.c. 1547.

This Court has been cited to no cases contrary to the *Lowry* case (in fact it was not even cited to it). That decision seems to protect the interests of both parties and yet leaves some discretion to the trial court. Therefore, this Court follows that opinion and DENIES the motion for relief.

Debtors have asked for attorney fees and have cited Bankruptcy Rule 7054 as the grounds therefor. This Court cannot determine the rationale for attorney fees under Bankruptcy Rule 7054, or Rule 54 of Civil Procedure, or the Bankruptcy Act itself. The request for attorney fees by debtors will be DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under rule 7052, Rules of Bankruptcy.

SO ORDERED.