**In re Bobby Joe GRIFFIN, Debtor.**

**Bankruptcy No. 91–41912 F.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Nov. 20, 1991.

---

**536**

Martha Jett McAlister, Little Rock, Ark., for Green Tree Acceptance, Inc.

J.R. Buzbee, Little Rock, Ark., for debtor—Bobby Joe Griffin.

Richard L. Cox, Hot Springs, Ark., for Chapter 7 Trustee.

Charles Tucker, Little Rock, Ark., for U.S. Trustee.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Chief Judge.

Pending before the Court is the "Motion for Order Requiring Debtor to Elect Reaffirmation, Redemption or Surrender" filed by Green Tree Acceptance, Inc., a secured creditor in the above-styled case. Green Tree Acceptance, Inc.'s motion filed pursuant to 11 U.S.C. § 521(2) seeks to have Bobby Joe Griffin, the debtor, make an election to either reaffirm his debt, or redeem or surrender the creditor's collateral which is a 1987 Liberty Model Mobile Home.

Subject matter jurisdiction is retained pursuant to 28 U.S.C. §§ 1334 and 157. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

The parties have stipulated the facts as follows:

1. On or about August 3, 1988, Bobby Joe Griffin and Deborah Griffin (former wife of debtor) purchased a 1987 Liberty Model Mobile Home, Serial No. 15L15037.

2. The Morgans executed a Manufactured Home Retail Installment Contract/Security Agreement ("Contract") Exhibit "A," which was assigned to Green Tree Acceptance, Inc. for good and valuable consideration.

3. The Contract granted a security interest in the mobile home to Green Tree, said security interest was perfected pursuant to a lien notation on the Certification of Title, Exhibit "B."

4. On or about August 1, 1991, Bobby Joe Griffin, filed a Petition under Chapter 7 of the United States Bankruptcy Code.

5. Schedule A–2, Exhibit "C" of the Debtor's Schedules reflects that Green Tree is a secured claimant with a security interest in the mobile home. Schedule A–2, also reflects the debtor's intent to retain the mobile home.

6. The debtor's Schedules also include a Chapter 7 Individual Debtor's Statement of Intentions, Exhibit "D," which provides that the debtor will retain the mobile home "but the debt will not be reaffirmed unless delinquent."

7. The debtor is current on his contractual monthly payments under the Contract to Green Tree.

8. The debtor, Bobby Joe Griffin, does not desire to reaffirm the debt but wants to retain the mobile home.[1]

11 U.S.C. § 521 provides in pertinent part:

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or

---

1. Exhibits A, B, C, and D, are hereby included in this opinion by reference.

that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph.

11 U.S.C. § 521.

The issue before the Court is whether, as a condition of retaining possession of property, a debtor pursuant to 11 U.S.C. § 521(2) must surrender the collateral, redeem the collateral or reaffirm a debt even though all obligations owed on the debt are current.

The creditor argues that the election requirements of 11 U.S.C. § 521(2) are mandatory. The debtor asserts the opposite. It is the debtor's position that the Bankruptcy Court has the discretion to permit the debtor to retain the secured property when the evidence indicates that neither the debtor, nor the creditor would be prejudiced by the retention of the collateral because the obligations owed on the debt are current.

The Circuit Courts of Appeal are split on the issue. The Sixth and Seventh Circuits hold that a debtor must choose between reaffirmation, redemption, or surrender. *See In re Edwards*, 901 F.2d 1383 (7th Cir.1990); *In re Bell*, 700 F.2d 1053 (6th Cir.1983). The Tenth Circuit holds that the provisions of section 521(2) do not "make redemption or reaffirmation the exclusive means by which a bankruptcy court can allow a debtor to retain secured property." *Lowry Federal Credit Union v. West*, 882 F.2d 1543, 1547 (10th Cir.1989) (retention allowed conditioned upon performance of security agreement).

In analyzing the above cases, and other decisions of the lower courts on this issue, the Court is persuaded that the rationales of *In re Edwards* and *In re Bell* are correct. Section 521(2)(A) and (B) mandates that a debtor must make a choice to either reaffirm the debt, redeem the collateral, or surrender the collateral.

The Court will enter an Order granting the "Motion for Order Requiring Debtor to Elect Reaffirmation, Redemption or Surrender" of the debtor's 1987 Liberty Model Mobile Home.