**In re Richard Eugene GERLING and Sheila Renee Gerling, Debtors.**

**Bankruptcy No. 94-50285.**

United States Bankruptcy Court,
W.D. Missouri.

Nov. 29, 1994.

Bruce E. Strauss, Merrick, Baker, Hufft & Strauss, P.C., Kansas City, MO, for movant.

James L. Farmer, Kansas City, KS, for debtors.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Mercantile Bank of St. Louis, the creditor in this Chapter 7 bankruptcy case ("Mercantile"), moved this Court to compel the debtors to reaffirm the debt to Mercantile for a 1992 Pontiac Sunbird, VIN # 1G2JB14T8N7560179 (the "Sunbird"), to redeem said collateral, or, in the alternative, to surrender the Sunbird. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, I find that debtors must either reaffirm the debt to Mercantile, redeem the Sunbird, or surrender the Sunbird pursuant to 11 U.S.C. § 521(2)(A).

## DISCUSSION

The facts of this case are unremarkable. Sheila Gerling purchased the Sunbird on March 7, 1992. She executed a promissory note and security agreement at the time, which was later assigned to Mercantile. Debtors were not in arrears on their obligation to Mercantile when they filed their bankruptcy petition on June 30, 1994. While debtors expressed their intention to retain the Sunbird on their Statement of Intentions, they subsequently refused to reaffirm the debt at the section 341 meeting of creditors. Debtors are reluctant to reaffirm a debt during bankruptcy proceedings because reaffirmation reestablishes personal liability for any deficiency that is otherwise discharged in Chapter 7. This case, therefore, presents the legal issue of whether Chapter 7 debtors must surrender encumbered property unless they either reaffirm the consumer debt secured thereby, or redeem such property. There is only one case in the Western District of Missouri dealing with this issue, and it is not dispositive. In *In re Manring*, 129 B.R. 198 (Bankr.W.D.Mo.1991), the Court relied on the fact that the parties cited no cases to contradict the holding of the Tenth Circuit that a debtor's failure to comply with the mandatory language of section 521(2) did not give a secured creditor an automatic right to repossess the collateral. *Manring*, at 199–200 (citing *Lowry Federal Credit Union v. West*, 882 F.2d 1543, 1546–47 (10th Cir. 1989)). Therefore, the trial court retained discretion to allow a debtor to retain collateral under certain circumstances. *Id.* The specific circumstances upon which the *Lowry* court relied were as follows: (1) the debtor was current in payments; (2) there was no disparity between the value of the collateral and the value of the claim; and (3) the creditor had not demonstrated that it would be prejudiced by allowing debtors to keep their property yet discharge all personal liability. *Lowry* at 1547. Since the decision in *Lowry*, the Fourth Circuit, the Seventh Circuit, and the Eleventh Circuit have visited this issue. The Fourth Circuit found that if the debt is not in default, debtors have the option to retain the collateral, continue making payments, and discharge personal liability. *Home Owners Funding Corp. of America v. Belanger (In re Belanger)*, 962 F.2d

345, 348–49 (4th Cir.1992).[1] The Seventh and Eleventh Circuits have held that a debtor must either redeem the collateral or reaffirm the debt in order to retain the collateral in a Chapter 7 bankruptcy. *Taylor v. AGE Federal Credit Union*, 3 F.3d 1512, 1516 (11th Cir.1993); *In re Edwards*, 901 F.2d 1383, 1386 (7th Cir.1990).[2] These cases are not distinguishable on their facts. There are simply two inapposite interpretations given to section 521(2).

Section 521(2) was added to the Code with the Bankruptcy Amendments of 1984. It requires consumer debtors to file a statement of intention with respect to secured property and to perform that intention with respect to such property within a stated time frame [3]. *See* Editor's Comment 11 U.S.C. § 521.

In *Taylor*, the Eleventh Circuit held that a debtor must either reaffirm the debt, redeem the collateral, or surrender the collateral. 3 F.3d at 1516. Thus, the Court found there is no option in the Code for a debtor to simply retain the collateral and continue to make payments under the original security agreement. *Id.* The *Taylor* Court reached this ·

conclusion for the following reasons: (1) there is no reason for a debtor to reaffirm a personal liability unless section 521(2) made such action mandatory; (2) such an interpretation protects the voluntary nature of the agreement reached with the creditor pursuant to 524(c); (3) to hold otherwise destroys debtor's incentive to maintain the collateral; (4) to hold otherwise allows a Chapter 7 bankruptcy filing to convert a secured debt from recourse to nonrecourse without the consent of both parties; and (5) to hold otherwise forces a *de facto* reaffirmation on the creditor while allowing such creditor no recourse against the debtor. *Id.* at 1515–16.

However, the *Taylor* Court relied most heavily on the plain language of section 521(2) for its holding. 3 F.3d at 1516. Section 521 states "the debtor *shall* file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, . . . that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property." 11 U.S.C. § 521(2)(A) (emphasis supplied). Thus, the Court held

---

**1.** Cases which hold that debtors can retain collateral without either reaffirming the debt or redeeming the collateral so long as they remain current on installment payments are: *In re Laubacher*, 150 B.R. 200 (Bankr.N.D. Ohio 1992); *In re Harper*, 143 B.R. 682 (Bankr.W.D.Tex.1992); *In re Parker*, 142 B.R. 327 (W.D.Ark.1992); *In re Windham*, 136 B.R. 878 (Bankr.M.D.Fla.1992); *GNC Community Federal Credit Union v. Stefano (In re Stefano)*, 134 B.R. 824 (Bankr.W.D.Pa. 1991); *In re Donley*, 131 B.R. 193 (Bankr. N.D.Fla.1991); *In re McNeill*, 128 B.R. 603 (Bankr.E.D.Pa.1991); *In re Hunter*, 121 B.R. 609 (Bankr.N.D.Ala.1990); *Century Bank at Broadway v. Peacock (In re Peacock)*, 87 B.R. 657 (Bankr.D.Colo.1988).

**2.** The following cases hold that if a debtor chooses to keep collateral, the debtor must elect to either redeem the property or reaffirm the debt: *Denver v. Internal Revenue Service (In re Denver)*, 164 B.R. 132 (Bankr.C.D.Cal.1994); *In re Griffin*, 143 B.R. 535 (Bankr.E.D.Ark.1991); *In re Kennedy*, 137 B.R. 302 (Bankr.E.D.Ark.1992); *Bank South, N.A. v. Horne (In re Horne)*, 132 B.R. 661 (Bankr.N.D.Ga.1991); *In re Chavarria*, 117 B.R. 582 (Bankr.D.Idaho 1990); *In re Stevens*, 85 B.R. 854 (Bankr.D.Idaho 1988).

**3.** Section 521 provides:
The debtor shall—
(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabili-

ties, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs;

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraph (A) or (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title.

11 U.S.C. § 521(1) and (2).

that, since a debtor could not redeem or reaffirm with respect to property which is surrendered, the phrase "if applicable" can only refer to the redemption of property or the reaffirmation of the debt. 3 F.3d at 1516. The Court bolstered its argument by pointing out that section 521(2)(B) requires debtors to perform their intention within forty-five days after the Statement of Intent is filed. A debtor who retains collateral without reaffirmation or redemption doesn't perform anything.

■ I am more persuaded by the reasoning of the Eleventh Circuit in *Taylor* than the Tenth Circuit in *Lowry*. The *Lowry* Court found that the collateral had sufficient value to pay the debt, so the creditor did not need to rely on the discharged personal liability. 882 F.2d at 1547. In so finding, the Court noted that the creditor had not offered any evidence to show that it would be harmed. Thus, *Lowry* apparently requires a two-part inquiry. First, the creditor must offer evidence that its interest in being paid will be harmed if debtor's personal liability is discharged. Second, if the Court determines creditor's interest will be harmed debtor must reaffirm the debt in order to retain the collateral. If the court determines debtor has sufficient equity in the collateral, the creditor's interest will not be harmed following the bankruptcy discharge of the personal liability, and debtor may retain the collateral without reaffirmation. Nothing in the Bankruptcy Code establishes such a cumbersome procedure to guide the Court. By contrast, Congress established specific standards and procedures to be applied in determining whether a debtor's request to reaffirm, or redeem, should be allowed. *See* 11 U.S.C. §§ 722 and 524.

■ Ultimately, the debtor here argues that Chapter 7 can be used to modify his deal with a secured creditor. Such a use of Chapter 7, in the absence of express statutory authority, is not proper. *See, Dewsnup v. Timm*, 502 U.S. 410, ——, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992). Both *Lowry* and *Belanger* were decided prior to *Dewsnup*, in which the Supreme Court found that "[a]part from reorganization proceedings ... no provision of the pre-Code statute permitted involuntary reduction of the amount of a creditor's lien for any reason other than payment on the debt." *Id.* Allowing a debtor to retain secured collateral without personal liability for any subsequent deficiency involuntarily alters the agreement between the debtor and the secured creditor, without specific statutory authority. Therefore, if debtors wish to retain exempt assets, redeem personal property, discharge debts, and reaffirm certain liabilities, Chapter 7 is the place to be. But if they instead wish to retain collateral, and change their obligation without the agreement of the lender, they should file under one of the reorganization chapters.

■ Although not necessary to my holding, I note that debtors who retain collateral without reaffirmation could expose themselves to a later determination that the discharge of their personal liability creates a default under the security agreement. *See, e.g., In re Whitaker*, 85 B.R. 788, 793 (Bankr. E.D.Tenn.1988) (citing *General Motors Acceptance Corp. v. Bell (In re Bell)*, 700 F.2d 1053, 1058 (6th Cir.1983)).[4]

■ Debtors' security agreement provides for certain nonpayment events of default, including failure by the debtor to fully comply with any provision of the agreement, or the occurrence of any event that causes the secured party to "reasonably and seasonably" deem itself insecure.[5] While the dis-

---

4. For a discussion of possible remedies if debtors fail to reaffirm the debt or redeem the collateral see *In re Tameling*, 173 B.R. 627 (W.D.Mich. 1994); *In re Weir*, 173 B.R. 682 (Bankr.E.D.Cal. 1994).

5. Note that a number of courts, relying on section 541(c)(1)(B), have pointed out that provisions in security agreements which provide that the *filing* of a bankruptcy is an event of default, are void. *See, e.g., Home Owner Funding Corp. of America v. Belanger (In re Belanger)*, 962 F.2d

345, 348 (4th Cir.1992); *In re Edwards*, 901 F.2d 1383, 1386 n. 8. (7th Cir.1990); *Lowry Federal Credit Union v. West*, 882 F.2d 1543, 1546 (10th Cir.1989); *Riggs National Bank of Washington, D.C. v. Perry (In re Perry)*, 729 F.2d 982, 984 (4th Cir.1984); *General Motors Acceptance Corp. v. Bell (In re Bell)*, 700 F.2d 1053, 1058 (6th Cir. 1983) (questioning the effect of an *ipso facto* clause after abandonment, but conceding that section 541(c)(1)(B) allows property to become property of the estate despite such a clause); *In*

charge of personal liability may not be sufficient to allow a creditor to deem itself insecure in every case, a creditor could litigate that issue in state court if a debtor retained collateral but refused to reaffirm. *Id.*

For the reasons stated, Mercantile's motion to compel debtors to either reaffirm the debt, redeem the collateral, or surrender the collateral pursuant to section 521(2) should be sustained. An Order in accordance with this Memorandum Opinion will be entered this date.

*re Manring,* 129 B.R. 198, 199 (Bankr.W.D.Mo. 1991). The Bankruptcy Code so provides in order to insure that if a debtor has equity in property, that debtor's bankruptcy estate and not the secured creditor, will be able to capture such equity. 11 U.S.C. § 541(c)(1)(B). In addition, if there is no equity, this Code provision gives a debtor the opportunity to determine whether to reaffirm, or redeem, as to such obligation. Section 541(c)(1)(B) does not, however, allow a debtor to discharge personal liability while retaining collateral, absent reaffirmation.